# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT
# OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| **United States District Court** | District: Pensacola Division | |
|---|---|---|
| Name (under which you were convicted): June Coriell | | Docket or Case No.: 3:16 CV 10-MCR/CJK |
| Place of Confinement: Florida Women's Reception Center, Ocala | | Prisoner No.: P41355 |
| Petitioner (include the name under which you were convicted) June Coriell | Respondent (authorized person having custody of petitioner) v. Warden Kevin D. Jordan | |
| The Attorney General of the State of Florida | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    Criminal Division of the First Judicial Circuit of the State of Florida in and for Santa Rosa County, Milton, Florida

    _____

    _____

    (b) Criminal docket or case number (if you know): 09-0476-CF

2. (a) Date of the judgment of conviction (if you know): September 22, 2009

    (b) Date of sentencing: November 5, 2009

3. Length of sentence: 25 years

4. In this case, were you convicted on more than one count or of more than one crime?   x Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:   Two counts DUI Manslaughter,

    Two counts Bodily Injury, property damage.

6. (a) What was your plea? (Check one)

    ☐ (1) Not guilty      x (3) Nolo contendere (no contest)

    ☐ (2) Guilty          ☐ (4) Insanity plea

    (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you

    plead guilty to and what did you plead not guilty to?_____

Revised 07/02/2013
JLAdmin/forms/jjl



Filing fee paid
Receipt # FLN3-9488

Filed 01 07 16 USDCFln 3PM 12 16

|   |   |   |   |
|---|---|---|---|
|   | (c) If you went to trial, what kind of trial did you have? (Check one) | ☐ Jury | x Judge only |
| 7. | Did you testify at a pretrial hearing, trial, or a post-trial hearing? | x Yes | ☐ No |
| 8. | Did you appeal from the judgment of conviction? | x Yes | ☐ No |

9. If you did appeal, answer the following:

   (a) Name of court: _____First District Court of Appeal_____

   (b) Docket or case number (if you know): __1D09-6064__

   (c) Result: _____affirmed_____

   (d) Date of result (if you know): ___July 22, 2010___

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: _____My public defender filed an Andrews brief. No grounds were included, she never consulted with me._____

   (g) Did you seek further review by a higher state court?          ☐ Yes     x No

   If yes, answer the following:

   (1) Name of court: _____

   (2) Docket or case number (if you know): _____

   (3) Result: _____

   (4) Date of result (if you know): _____

   (5) Citation to the case (if you know): _____

   (6) Grounds raised: _____

   (h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     x No

   If yes, answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    x Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

   (a)   (1) Name of court: ____ First Judicial Circuit in and for Santa Rosa County, Florida ____

         (2) Docket or case number (if you know): __ 09-0476-CF __

         (3) Date of filing (if you know): _____

         (4) Nature of the proceeding: ____ Motion for Modification of Sentence ____

         (5) Grounds raised: ____ My public defender did not investigate or present mitigating medical issues in support of an involuntary intoxication defense. ____

         (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

             x Yes   ☐ No

         (7) Result: ____ denied ____

         (8) Date of result (if you know): __ July 13, 2011 __

   (b) If you filed any second petition, application, or motion, give the same information:

         (1) Name of court: First Judicial Circuit in and for Santa Rosa County, Florida

         (2) Docket or case number (if you know): __ 57-2009-0476-CFA __

         (3) Date of filing (if you know): __ Sept. 1, 2011 __

         (4) Nature of the proceeding: ____ Motion for Post Conviction Relief ____

(5) Grounds raised: 1. Ineffective Assistance of Counsel for misadvising defendant to enter nolo contendere plea, resulting in involuntary plea. 2. IAC for failing to prepare and present a defense of involuntary intoxication 3. IAC for failing to investigate possible defenses 4. IAC for misadvising the judge as to factors surrounding the case 5. IAC for failing to call expert witnesses.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    x No

(7) Result: Denied with leave to file amended motion

(8) Date of result (if you know): July 10, 2012

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: First Judicial Circuit in and for Santa Rosa County, Florida

(2) Docket or case number (if you know): 57-2009-0476-CFA

(3) Date of filing (if you know): August 24, 2012

(4) Nature of the proceeding: Amended Motion for Post Conviction Relief

(5) Grounds raised: 1. Ineffective Assistance of Counsel for advising defendant to plea nolo contendere resulting in an involuntary plea 2. IAC for Counsel's failure to prepare and present evidence in the defense of involuntary intoxication 3. IAC for Counsel's failure to call expert witnesses 4. IAC for counsel's failure to correct false information against defendant

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

x Yes    ☐ No

(7) Result: denied

(8) Date of result (if you know): August 5, 2013

Defendant filed motion for rehearing on August 21, 2013 on grounds: 1. Incorrect information used as a reason for her public defender's lack of a defense investigation 2. Denial of appointment of counsel for PCR . Motion was denied on October 17, 2013.

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:     x Yes    ☐ No

(2) Second petition:    ☐ Yes    ☐ No

      (3) Third petition:  ☐ Yes  ☐ No

    (e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:_____

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

**GROUND ONE:** <u>Ineffective Assistance of Counsel for Failure to Pursue a Defense on Medical Grounds</u>

   (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):___

Ms. Alice Harris, my appointed public defender, showed complete ineffectiveness of counsel by failing to investigate my case and pursue a defense, and by failing to advocate on my behalf.

As my defense lawyer, she should have been diligent in obtaining all of the facts of my case, and pursuing a defense for me if at all possible. Instead, Ms. Harris was ineffective and negligent for failing to research this complicated case and for making false assumptions about my guilt from the beginning.

First, she neglected to obtain any records from my hospitalization immediately before the accident, even though I repeatedly informed her that I had been in the hospital for three days before the accident on 4/4/09, in treatment for alcohol withdrawal. These records would have shown that I was treated for seizure and head trauma, and administered at least two Class IV medications. Instead, Ms. Harris obtained hospital records from <u>after</u> the accident, in which I was severely injured, and didn't obtain the pre-accident records until <u>seven days</u> before the sentencing hearing on 11/5/09. (see exhibits, page 8, for the email of 10/29/09 from Ms. Harris to her assistant, asking him to get the correct records)

Because Ms. Harris was ineffective in not researching my case, and she was not even aware of my hospitalization before the accident, she mistakenly interpreted the blood test done by the police <u>after</u> the accident, which showed drug metabolites (see exhibits, pages 9 & 10), as evidence that I had taken illegal "street drugs" (she assumed it was Xanax), when in fact the metabolites came from hospital-administered Librium. She only realized her mistake, again, within days of the sentencing hearing, at which she told me "Don't worry, honey, we found out you didn't take anything illegal".

She also used the wrong Blood Alcohol Concentration (BAC) in her pre-sentencing discussions with the judge and prosecutor. Two BACs were done on me on the day of the accident. The first was drawn two hours after the accident and run at the police lab. It showed a 0.107% BAC (see exhibits page 10). The second test was done at the hospital lab 3.75 hours after the accident, and was listed as a 0.17% BAC (see exhibits page 11). Ms. Harris made the mistake of using this second, and higher, concentration, in her early assessment of my case. I saw incorrect notes in Ms. Harris' file that she brought to a preliminary meeting with the judge, saying "Xanax" and "BAC 0.17%"; she later confirmed this to me in person.

My family obtained the services of a forensic toxicologist, Dr. Teri Stockham, to look at the medical circumstances of my case. Her report and credentials are in the exhibits, pages 1-7. She has degrees in toxicology, pharmacology and forensic science and has worked in the field for 28 years. Her research of my case determined that there are several valid medical issues which would have been uncovered if Ms. Harris had investigated the facts or obtained a medical expert, any one of which could have led to a completely different outcome of my case. Specifically:

1. Dr. Stockham affirms that my BAC was shown by hospital tests to be rising after the accident, and it therefore isn't possible to prove that it was over the legal limit at the time of the accident.

2. An eye-witness report of the accident (from an off-duty sheriff) indicated that I was "unconscious over the wheel" immediately before it (see exhibits pages 12-13 for judge's reference). Dr. Stockham reports that a BAC of 0.107% is not sufficient by itself to cause unconsciousness and Ms. Harris should have pursued a medical reason for this discrepancy.

3. A police officer found me 'unresponsive' in the hospital 8 hours after the accident, despite the fact that I hadn't been given any medications that might have contributed to this (see exhibits, page 14). Dr. Stockham reports that this mental condition would not be expected due to my blood alcohol levels, and a medical reason for this should have been pursued.

4. Dr. Stockham reports that a possible cause of my altered mental state on the day of the accident could be attributed to Librium withdrawal, as I was given this medication in the hospital before the accident, but not tapered off the drug as is required to prevent side effects such as depression, confusion or even seizures.

Therefore, Ms. Harris was ineffective in not researching my case and consulting with medical experts. If she had, she would have uncovered the distinct possibility that my compromised mental state before the accident was not necessarily due to alcohol, but to medical reasons. Instead, Ms. Harris ignored my requests and did not even obtain the correct medical records. She also apparently ignored the witness accounts (in depositions taken from my family members and a friend) that I was "confused, loopy, and drugged", but not drunk, the evening of my release from the hospital before the accident, and for days after the accident. (see exhibits page 15-26 for depositions)

Ms. Harris's ineffective and inadequate legal assistance is also evident in reading these same depositions. I requested that they be obtained to support my claim that I was under the effects of hospital-administered medications on the night of my release from the hospital. (I have, in fact, no memory of any of the events leading up to, or including, the accident.) In reading the transcripts, it's evident that Ms. Harris is not using this opportunity to pursue my defense. Instead, she allows the prosecutor to do almost all of the questioning. In 45 pages of depositions from four people, Ms. Harris asks a total of only four questions. The prosecutor is obviously

looking to support his case by asking negative and leading questions such as, "where did she get Xanax, she had Xanax in her system" (exhibits, page 26). In fact, it was my attempt to stop drinking that led to my hospitalization. Ms. Harris made no attempt to advocate or argue my case with her own questioning, to correct the prosecutor's misstatements of Xanax use, to prevent the prosecutor from cutting people off before they could finish their first sentence or to get information which would help my case. In fact, these depositions supporting my medical defense were not ever brought up in court because they were not in Ms. Harris' preparation of the case.

If Ms. Harris had not been ineffective and had collected evidence such as the above to present an appropriate defense, there is more than a reasonable probability that I would have had a substantially different outcome to my case. First, I would have pled not guilty and gone to trial, and used expert testimony, such as the above, on the medical evidence to support my claim of involuntary intoxication. Secondly, an effective counsel could alternatively have used this discovery to negotiate a plea bargain. And thirdly, it could have, at the very least, been used to support a mitigation of my sentence.

Ms. Harris was also ineffective counsel for failing to correct false statements in court. The prosecutor states during the sentencing hearing: "there is also a degree of mighty aggravation because not only is Ms. Coriell getting on the road knowing that she's having seizure problems.....but to get behind the wheel and drink alcohol and take drugs – and diazepam, and those are basically Valium that we're talking about that were positive in this situation for drugs.....to drink and use those drugs....is a person who's evidencing a clear and present danger to society" (exhibits, page 27). I did not have previous 'seizure problems', but had one seizure while trying to quit drinking. I did NOT take Valium, nor did I willingly take any drugs before the accident, but had metabolites in my system only from hospital-administered medication. Ms. Harris did not object to this improper use of evidence.

The judge at my sentencing hearing also showed a false understanding of my case when he said: "to heap on top of that [a mistake in judgment] abuse of drugs and alcohol, its inexcusable" (exhibits page 28). Again, I did NOT abuse, or even take voluntarily, any drugs before this accident. Again, Ms. Harris did not refute the judge's statement. Both his and the prosecutor's statements in court show a mistaken and prejudiced view of me, which likely figured into my sentencing.

Ms. Harris tried to excuse her ineffectiveness by misleading the court during my post conviction relief hearing, saying that she had "felt it was strategically unwise to try to defend you on the basis of you having taken prescription drugs at the hospital...because you were very clearly given instructions about their safe use and the mistake it would be to take alcohol with them". (exhibits, page 29). In fact, <u>no such instructions or document exists</u>, and was never produced in court. This phantom document is also referred to by the judge in his denial of my PCR. I asked that this paper be produced, but my request was ignored. The <u>actual</u> discharge papers that I signed upon release from the hospital the day before the accident were glaringly inadequate, in that they contain no mention of the medications I was given, no advice to refrain from driving, nor any advice to refrain from drinking while under their influence. (exhibits pages 30-31 for the actual hospital discharge papers)

In fact, I was negligently allowed to drive myself home from the hospital despite the fact that I was still well within the time period of these drugs' ability to cause drowsiness and confusion. It is likely that if the hospital had required a family member to drive me home, this tragic accident may never have happened, as the family would have been more aware of my impairment and would not have let me drive myself to the wedding the next day,

which led to the accident.

No reasonably diligent lawyer would have failed to conduct an investigation into hospital records, lied in court to defend their failure to do so, and allowed false and misleading testimony in court to go unchallenged. Ms. Harris' deficiencies deprived me of effective counsel, and led to an unnecessarily severe sentence.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

(c) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   x No

    (2) If you did not raise this issue in your direct appeal, explain why:   I was never consulted by my public defender, or the appeal counsel appointed by the judge, for any input into the direct appeal. In fact, no grounds were listed in the appeal. I was told that ineffective counsel had to be raised in post conviction appeal.

_____

_____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        x Yes   ☐ No

    (2) If your answer to Question (d)(l) is "Yes," state: Type of motion or petition:

        Type of motion or petition:   Amended Motion for Post Conviction Relief

        Name and location of the court where the motion or petition was filed:   First Judicial Circuit in and for Santa Rosa County, Milton, Florida

        Docket or case number (if you know):   57-2009-0476-CFA

        Date of the court's decision:   August 5, 2013

        Result (attach a copy of the court's opinion or order, if available):   See motion at the end of the exhibits.

    (3) Did you receive a hearing on your motion or petition?   x Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?   x Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   x Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal filed:     First District Court of Appeal State of Florida, Tallahassee

    Docket or case number (if you know):     1D13-5360

    Date of the court's decision:     January 15, 2015

    Result (attach a copy of the court's opinion or order, if available):     Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: I was instructed by my lawyer that there were no other avenues to pursue.

**GROUND TWO:**     Ineffective Assistance of Counsel for Misleading Defendant into Entering a Nolo Contendere Plea Resulting in an Involuntary Plea

(a)     Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    Ms. Harris showed complete ineffectiveness of counsel for failing to advise me of the terms and consequences of pleading *nolo contendere*, for failing to advocate for me in obtaining a possible plea bargain, for failing to advise me of the chances of a long sentence, and for failing to effectively advocate for me for a reduced sentence.

Ms. Harris pressured me to enter a plea of *nolo contendere*, using scare tactics and false assurances. I had no previous experience with the legal system, and no access to another source of advice or information, so I trusted her to give me accurate and complete legal assistance. However, Ms. Harris made no attempt to investigate my case or pursue a defense, but apparently took the easy way out in assuming that I was simply a drug and alcohol abuser and would have no chance of receiving a moderate sentence in a trial. She repeatedly used statements such as:

- "The judge will be angry with you if you don't plead, as a trial is expensive."
- "Pleading no contest only means you admit to driving the car"
- "Don't worry, honey, it will be all right" This was usually accompanied by a condescending pat on the hand.
- "Don't worry, honey, you won't go to jail"
- "Don't worry, the judge will hear all the medical facts and circumstances of your case"

This last statement was repeated often, as I kept asking Ms. Harris to look into my medical history before the

accident, but was not getting any indication that she was doing so. Ms. Harris, as stated in Ground 1, did not investigate the facts of the case, did not make any attempt to interview family or witnesses to the accident, and neglected to get my correct medical records until almost a month after I was adjudicated guilty.

She was grossly ineffective when she mislead me into believing that the judge would hear the medical facts of my case and use them to lower my sentence, knowing that after a *nolo contendere* plea a defense is not allowed to be brought up in court.

Ms. Harris failed to adequately explain to me all the consequences of a *nolo contendere* plea, and what the possible maximum jail time would be. She made repeated statements to me and my family that I would probably receive "no more than 5 years, and possibly not even any jail time" (see exhibits, pg 32, post conviction hearing). I relied on this estimate when, given only a few minutes to make a decision before the Evidentiary Hearing, Ms. Harris basically gave me no option but to enter a plea.

Ms. Harris admitted at the Post Conviction Relief hearing that she made a mistake in figuring my minimum sentence: "I overlooked the fact that there's a four year minimum mandatory on one of the counts...I did make an error..." (see exhibits, page 33). Then, she admits she can't remember pointing out to me the maximum permissible sentence. (see exhibits, page 34). Then Judge Rimmer himself points out that the sentencing agreement that I signed at the Evidentiary Hearing left blank the space for the maximum penalty for each charge. (see exhibits, pages 35-38). It's obvious that her ineffective counsel did not prepare me for the reality of what my sentence could be, and what it did turn out to be.

Ms. Harris, although charged with effectively helping me navigate a complicated and terrifying situation, was totally ineffective. Its obvious that she didn't do the minimally required research of my case to determine whether a defense exists, she spent very little time consulting or advising me, she gave me incomplete and misleading advice, and even ignored my direct requests for help. She only met with me on three or four brief visits before my sentencing. Each time Ms. Harris would advise me to plea, and assure me that the judge would hear the facts of my story. After I returned to prison from the Evidentiary Hearing, I was apprised by other inmates of some of the rights I had given up by pleading, and decided to change my plea. I made repeated attempts to contact Ms. Harris, using the prison kiosk system nine times over the course of a month to ask for her help, which were all ignored by Ms. Harris. (see exhibits, pages 39-41).

Finally, about a week before sentencing, Ms. Harris sent her assistant to the jail, who allowed me to see her legal files. At this point I realized that Ms. Harris had not even pulled my medical records from before the accident, and I let her assistant know. I did not hear from or see Ms. Harris again until immediately before the Sentencing Hearing, when I told her again that I wished to change my plea. Ms. Harris again assured me that the judge would take my age and medical history into account in sentencing. At that point, I felt like I had no other options open to me. As a result of the ineffective and inadequate assistance of counsel by Ms. Harris, the judge did not hear the extenuating facts of my case, did not hear a strong presentation on my behalf, nor a proper argument for mitigation in sentencing. He did not reduce my sentence and I got 25 years.

Ms. Harris was grossly ineffective in failing to advise me that the only way to have the crucial medical facts in my case brought to my defense was to plead not guilty and go to trial. I would have done so if she had so advised me. If Ms. Harris had been effective and done any investigation, she could have presented these facts in court and advocated in my defense. She could have used the facts as considerations in a plea negotiation. Or, even if these facts didn't prevent a conviction, they could have been brought up during sentencing, with appropriate evidence

and experts, to help mitigate my sentence. A thorough, effective investigation by Ms. Harris, along with proper counseling and advice, would have led to a very different outcome in my case.

(b)     If you did not exhaust your state remedies on Ground Two, explain why: _____

(c)     **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    x No

    (2) If you did not raise this issue in your direct appeal, explain why:    I was not consulted in this appeal, and Ms. Harris entered the appeal with no grounds. I was also advised that ineffective counsel could only be raised in a post conviction appeal.

(d)     **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        x Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state: Type of motion or petition:

        Type of motion or petition:    Amended Motion for Post Conviction Relief

        Name and location of the court where the motion or petition was filed: First Judicial Circuit in and for Santa Rosa County, Milton, Florida

        Docket or case number (if you know):    57-2009-0476-CFA

        Date of the court's decision:    August 5, 2013

        Result (attach a copy of the court's opinion or order, if available):    Denied See end of exhibits for court's decision.

    (3) Did you receive a hearing on your motion or petition?    x Yes   ☐ No

    (4) Did you appeal from the denial of your motion or petition?    x Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    x Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

        Name and location of the court where the appeal filed:    First District Court of Appeal State of Florida, Tallahassee, Florida

Docket or case number (if you know): _____1D13-5360_____

Date of the court's decision: _____January 15, 2015_____

Result (attach a copy of the court's opinion or order, if available): _____Affirmed_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you: have used to exhaust your state remedies on Ground Two: _____I was advised by my lawyer that there were no other avenues of appeal to pursue._____

**GROUND THREE:** Denial My Motion for Appointment of Defense Counsel on Appeal

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I submitted a timely request for counsel in hopes of presenting an effective defense at my Amended Post Conviction Request hearing on 7/25/13. Judge Rimmer denied the request at the beginning of the hearing, with the explanation that because he was "only considering the alleged 'promise' of a short sentence, her case isn't complicated and doesn't warrant appointment of counsel". (exhibits, page 42) However, the previous year he had denied my initial request for a PCR, and granted me leave to file an amended PCR, on the reasoning that "the motion contains allegations that appear to be facially and/or legally insufficient". (exhibits, page 43) It makes no sense that he denied my original motion because it was not written well and supported by facts, yet I was not given a lawyer to help me correct it. As laid out in Grounds One and Two, my case is complicated and requires knowledge of the law and the ability to call expert witnesses. It was obvious that I had neither the education, knowledge of the law, or freedom to carry out research that would have allowed me to conduct a proper interrogation of another lawyer and to support my case. The court's decision to proceed without allowing me counsel denied my constitutional right to effective defense counsel.

My family managed to retain an experienced defense lawyer, Mr. Joe Bodiford of Tampa, Florida, to write a brief for my State Appeal. In it he gives a solid argument to support my requirement of appointment of counsel for the Post Conviction hearing (exhibits, pages 44-46).

(b)     If you did not exhaust your state remedies on Ground Three, explain why? _____

_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    x No

(2) If you did not raise this issue in your direct appeal, explain why: ___Had not occurred yet.___

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    x No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?                            ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                       ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: ___This

issue occurred in my Post Conviction Relief appeal, so I raised it in my State Appeal, see details on that in Grounds

1 and 2___

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:_____

_____

**GROUND FOUR:**

(a)   Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):_____

_____

(b)   If you did not exhaust your state remedies on Ground Four, explain why:_____

_____

(c)   **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?         ☐ Yes         ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:_____

_____

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☐ No

(2) If your answer to Question (d)(l) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

(3) Did you receive a hearing on your motion or petition?                             ☐ Yes         ☐ No

(4) Did you appeal from the denial of your motion or petition?                        ☐ Yes         ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes         ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   x Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _____

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them: _____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   x No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _____

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   x No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised._

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

 (a) At preliminary hearing: Alice Harris, formerly of the Public Defenders Office, Milton Florida

 (b) At arraignment and plea: Alice Harris

 (c) At trial:     NA

 (d) At sentencing: Alice Harris

 (e) On appeal: Alice Harris

 (f) In any post-conviction proceeding: Richard Currey, Pensacola, Florida in Motion to Modify Sentence

 (g) On appeal from any ruling against you in a post-conviction proceeding:    Joe Bodiford, 501 E. Jackson St, #301, Tampa, FL 33602 in State Appeal

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?

 ☐ Yes     x No

 (a) If so, give name and location of court that imposed the other sentence you will serve in the future:_

 _____

 _____

 (b) Give the date the other sentence was imposed: _____

 (c) Give the length of the other sentence:_____

 (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     ☐ Yes     ☐ No

18.     TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.  § 2244(d) provides in part that:
   (1)  A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
      (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
      (B)  The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
      (C)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (D)  The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
   (3)

Therefore, petitioner asks that the Court grant the following relief:_____Time served_____

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on_____ (month, date, year).

Was delivered to US District Court in person on _____

Executed (signed) on _____(date).

*June Coriell*

Signature of Petitioner

*Janice Gregorowicz*

Janice Gregorowicz, signing with Power of

Attorney for June Coriell

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Signer, Janice Gregorowicz, is a friend of June Coriell with full Power of Attorney, and is signing this petition with full

knowledge and consent of the petitioner, in order to expedite delivery to the US District Court due to the difficulty

of negotiating the prison mail system, and to expedite the completion and copying of the forms.