UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JUNE CORIELL,

    Petitioner,

v.  Case No. 3:16cv10/MCR/CJK

SECRETARY, DEPTMENT OF
CORRECTIONS,

    Respondent.
_____/

### REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 7). Respondent moves to dismiss the petition as untimely, providing relevant portions of the state court record. (Doc. 20). Petitioner opposes the motion. (Doc. 27). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On April 21, 2009, petitioner was charged in Santa Rosa County Circuit Court Case Number 09-CF-476, with two counts of DUI manslaughter (Counts 1 and 2), two counts of DUI with serious bodily injury (Counts 3 and 4) and one count of DUI damage to property or person without serious injury (Count 5). (Doc. 20, Ex. A, pp. 19-20).[1] On September 22, 2009, petitioner executed a written plea form, titled "Sentence Recommendation", in which she entered a straight up plea of no contest to all counts as charged. (Ex. A, pp. 34-38, 59-64). Following a plea colloquy, the court accepted petitioner's plea, adjudicated her guilty of all counts as charged, and set the matter for sentencing. (Ex. A, pp. 57-64). After a sentencing hearing, the court sentenced petitioner to a 15-year term of imprisonment with a 4-year mandatory minimum on Count 1, a consecutive 10-year term of imprisonment with a 4-year mandatory minimum on Count 2, concurrent 5-year terms of imprisonment on Counts 3 and 4, and time served on Count 5. (Ex. C). Judgment was rendered November 5, 2009. (Ex. A, pp. 39-49). The Florida First District Court of Appeal (First DCA) affirmed the judgment on July 22, 2010, per curiam and without a

---

[1] Citations to exhibits are to those provided at Doc. 20, unless otherwise noted. When a particular page of an exhibit has more than one page number, the court cites the Bates stamp number. Where there is no Bates stamp number, the court cites the number appearing at the bottom left-hand corner of the page.

written opinion. *Coriell v. State*, 41 So. 3d 893 (Fla. 1st DCA 2010) (Table) (copy at Ex. F). The mandate issued August 17, 2010. (Ex. F).

On October 5, 2010, petitioner filed a counseled motion to modify sentence under Florida Rule of Criminal Procedure 3.800(c). (*See* Ex. H, criminal docket sheet at p. 4; *see also* Ex. G, pp. 24-25 (transcript of discussion that filing date was within 60 days of the direct appeal mandate)). The sentencing court held a hearing on February 3, 2011, and denied the motion in open court. (Ex. G, pp. 22-79 (transcript)). A written order followed, filed on July 13, 2011. (Ex. G, p. 1). The order was not appealable. *See Mitchell v. State*, 719 So. 2d 1258 (Fla. 1st DCA 1998) (holding that a Rule 3.800(c) motion "is addressed to the discretion of the trial court; thus, an appellate court "has no jurisdiction to review the correctness of the trial court's disposition of the motion."); *Edwards v. State*, 53 So. 3d 1131 (Fla. 1st DCA 2011) (observing that a trial court's order denying a motion to mitigate sentence under Rule 3.800(c) is "not an appealable order").

On August 26, 2011, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. G, pp. 2-21).[2] On July 11,

---

[2] Respondent deems petitioner's *pro se* Rule 3.850 motion "filed" on the date it was docketed by the state court. Under the prison mailbox rule, a prisoner's *pro se* pleading is deemed filed on the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Florida applies the same rule to *pro se* postconviction pleadings filed by prisoners, *Haag v. State*, 591 So. 2d 614, 617 (Fla. 1992).
*Case No.3:16cv10/MCR/CJK*

2012, the state circuit court struck the motion as facially insufficient with leave to amend. (Ex. G, pp. 80-83). Petitioner filed an amended Rule 3.850 motion on August 20, 2012. (Ex. G, pp. 86-106). The circuit court granted a limited evidentiary hearing. (Ex. G, pp. 111-113 (order), Ex. H, pp. 302-341 (transcript of hearing)). After hearing, the court denied relief. (Ex. G, pp. 131-200 - Ex. H, pp. 201-285). The First DCA affirmed, per curiam and without a written opinion. *Coriell v. State*, 156 So. 3d 1076 (Fla. 1st DCA 2015) (Table) (copy at Ex. K). The mandate issued February 10, 2015. (*Id.*).

On January 7, 2016, petitioner's power of attorney signed and submitted for filing a federal habeas corpus petition on petitioner's behalf. (Doc. 1). Upon order of the court requiring petitioner to file an amended petition signed by her personally, petitioner filed an amended petition on February 3, 2016. (Doc. 7). The amended petition presents three grounds: (1) Ineffective Assistance of Counsel for Failure to Pursue a Defense on Medical Grounds, (2) Ineffective Assistance of Counsel for Misleading Defendant into Entering a Nolo Contendere Plea Resulting in an Involuntary Plea, and (3) Denial [of] My Motion for Appointment of Defense Counsel on Appeal (i.e., the state court's denial of postconviction counsel). Respondent asserts that even giving petitioner the benefit of the earlier filing date of January 7, 2016, the petition is time barred. (Doc. 20).

## DISCUSSION

Because petitioner filed her § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. § 2244(d)(2).

*Case No.3:16cv10/MCR/CJK*

Petitioner has not asserted that a State-created impediment to her filing a federal habeas petition existed, that she bases her claims on a right newly recognized by the United States Supreme Court, or that the facts supporting her claims could not have been discovered through the exercise of due diligence before her conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of conviction was affirmed on direct appeal on July 22, 2010, and she did not seek further review. Petitioner's conviction became "final" for purposes of § 2244(d), on October 20, 2010, when the ninety-day period for seeking certiorari from the United States Supreme Court expired.[3] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court).

The limitations period began to run one day later on October 21, 2010, and expired one year later on October 21, 2011, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil

---

[3] The 90-day period for filing in the United States Supreme Court a petition for writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

Procedure 6(a)(1) applies to calculation of AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

Respondent asserts that petitioner's Rule 3.800(c) motion for modification of sentence did not statutorily toll the limitations period, because it is not considered an application for "collateral review" within the meaning of § 2244(d)(2). Since the filing of respondent's motion to dismiss, the Eleventh Circuit has held that a Rule 3.800(c) motion is an application for collateral review within the meaning of § 2244(d)(2). *Rogers v. Sec'y, Dep't of Corr.*, –- F.3d –-, 2017 WL 1573823 (11th Cir. May 2, 2017).

Petitioner's Rule 3.800(c) motion was filed on October 5, 2010, which is prior to commencement of the limitations period. Thus, although the limitations period began to run on October 21, 2010, it was immediately statutorily tolled until the trial court issued its written order denying modification of sentence on July 13, 2011. The federal habeas limitations period again began to run on July 14, 2011, and ran for 43 days until petitioner filed her *pro se* Rule 3.850 motion on August 26, 2011.

That motion was pending and tolled the limitations period until issuance of the appellate court's mandate on February 10, 2015. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure, and consequently tolls the limitations period, until the appellate court's issuance of the mandate on appeal). The limitations period expired 322 days later, on December 29, 2015. Petitioner's federal habeas petition, filed on January 7, 2016, is untimely.

Petitioner argues that even if her petition is untimely, the court should still consider it because "[i]t would be a shame in the interest of justice and fairness if my brief is dismissed solely because I did not have access to legal counsel to advise me." (Doc. 27, p. 1). Petitioner asserts that after her postconviction appeal became final, she worked diligently to research and draft her habeas petition, including attempting to determine her filing deadline, but was hampered by the fact of her incarceration, her lack of legal knowledge and her lack of counsel. (Doc. 27, pp. 2-4). Petitioner also asserts that she "found a lump" in November 2015, and began cancer treatment in February 2016. (Doc. 27, p. 4). Petitioner's remaining arguments go to the merits of her underlying ineffective assistance of trial counsel claims. (Doc. 27, pp. 1-2, 5-6).

A federal habeas petitioner is entitled to equitable tolling "only if [s]he shows (1) that [s]he has been pursuing h[er] rights diligently, and (2) that some extraordinary circumstance stood in h[er] way and prevented timely filing" of her federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin*, 633 F.3d at (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *Id.* at 1267.

None of the circumstances petitioner alleges justifies equitable tolling. "The lack of a legal education [and] the absence of legal counsel in this collateral context . . . do not excuse a failure to file a § 2254 petition in a timely fashion." *DeLeon v. State of Fla. Dep't of Corr.*, 470 F. App'x 732, 734 (11th Cir. 2012) (*citing Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) ("[P]rocedural ignorance [has

never been accepted] as an excuse for prolonged inattention when a statute's clear policy calls for promptness".), *and Outler v. United States*, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007) ("[*P*]*ro se* litigants, like all others, are deemed to know of the one-year statute of limitations.")). Petitioner's allegation concerning her medical condition fails to establish the requisite causal connection between the condition (first discovered in November 2015, nine months after petitioner's state postconviction proceeding ended) and her ability to file a timely federal habeas petition. Moreover, the record demonstrates that despite this condition, petitioner was able to file her petition between the time she discovered the condition and the time she began receiving treatment in February 2016. To address petitioner's remaining allegations concerning the merits of her claims, "[a] habeas petitioner is not entitled to equitable tolling simply because [s]he alleges constitutional violations at h[er] trial or sentencing." *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014); *see also Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1314-15 (11th Cir. 2001) ("The 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction."). As petitioner has not established entitlement to equitable tolling or any exception to the limitations bar, the petition must be dismissed.

## .33CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, — L. Ed. 2d — (Feb. 22, 2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue

when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 20) be GRANTED.

2. That the amended petition for writ of habeas corpus (doc. 7), challenging petitioner's judgment of conviction and sentences in *State of Florida v. June Coriell*, Santa Rosa County Circuit Court Case No. 09-CF-476, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 10th day of May, 2017.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.